**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff below, Respondent**

**v.) No. 24-38** (Raleigh County CC-41-2021-F-204)

**Alex Hunter Mills,
Defendant below, Petitioner**

## MEMORANDUM DECISION

Petitioner Alex Hunter Mills appeals his convictions, as reflected in the December 13, 2023, sentencing order of the Circuit Court of Raleigh County, on two counts of third-degree sexual assault.[1] The petitioner argues that he was denied due process of law because the process of evaluating his competency to stand trial was improperly focused on mental health issues instead of the pertinent issue in this case: an intellectual disability resulting from an alleged traumatic brain injury ("TBI"). Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In May 2021, the Raleigh County grand jury indicted the petitioner on two counts of third-degree sexual assault. The indictment alleged that, on two occasions during June 2020, the petitioner engaged in sexual intercourse with T.D.L.[2] when T.D.L. was twelve years old and the petitioner was eighteen years old. Thereafter, the petitioner underwent a competency evaluation. In her report, forensic psychiatrist Rabiya K. Hasan, M.D., noted that psychiatric records showed that the petitioner was never evaluated for a reported TBI allegedly received during an ATV accident. Dr. Hasan diagnosed the petitioner with mild intellectual disability and unspecified depressive disorder. Dr. Hasan determined that the petitioner was not competent to stand trial at the time of the evaluation because the petitioner did not understand the criminal proceeding against him due to his (1) cognitive deficits, and (2) lack of experience with the legal system. However, Dr. Hasan found that the petitioner had the capacity to be educated about the criminal process.

---

[1] The petitioner appears by counsel Dana F. Eddy, and the State appears by Attorney General John B. McCuskey and Assistant Attorney General Holly M. Mestemacher. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] We use initials where necessary to protect the identity of the child involved in this case. *See* W. Va. R. App. P. 40(e).

Therefore, Dr. Hasan concluded that commitment to William R. Sharpe Jr. Hospital would restore the petitioner to competency as well as treat his depression.

In March 2022, the circuit court committed the petitioner to Sharpe Hospital for the restoration of the petitioner's competency before the continuation of proceedings pursuant to West Virginia Code §§ 27-6A-1 to 27-6A-13.[3] In June 2022, licensed psychologist Barbara A. Nelson, M.A., reported that the petitioner had been restored to competency. By agreed order entered on November 11, 2022, the circuit court directed that the petitioner undergo another evaluation with licensed clinical psychologist David Lawson, M.A. Mr. Lawson reported that the petitioner was competent to stand trial.[4] On September 21, 2023, the circuit court held a competency hearing, at which Dr. Hasan, Ms. Nelson, and Mr. Lawson testified. During Ms. Nelson's testimony, Ms. Nelson stated that she and the petitioner discussed the TBI and that "[the petitioner] did not believe that he had cognitive differences after his accident." Ms. Nelson also provided an explanation applicable to all of the evaluations performed in this case. Ms. Nelson stated that "the testing that was conducted for the purposes of competency was done clearly after [the alleged TBI would have occurred]," which allowed the testing to show whether the petitioner had cognitive ability. The circuit court concluded that, based upon the evaluators' testimony, the petitioner was competent to stand trial.

At trial, a jury convicted the petitioner of both counts of third-degree sexual assault. On December 13, 2023, the circuit court sentenced the petitioner to consecutive terms of one to five years of incarceration. Because the petitioner was a youthful offender, the circuit court suspended the sentences in favor of placement at the Anthony Center for a period of six months to two years. The circuit court also imposed a twenty-five-year term of supervised release.

The petitioner appeals his convictions, asserting that he was denied due process of law because the process of evaluating his competency to stand trial was improperly focused on mental health issues instead of the pertinent issue in this case: an intellectual disability resulting from an alleged TBI.[5] We review the circuit court's determination that the petitioner was competent to stand trial for an abuse of discretion. *See State v. Sanders*, 209 W. Va. 367, 379, 549 S.E.2d 40, 52 (2001).

---

[3] West Virginia Code § 27-6A-2(a) provides, in pertinent part, that "if the qualified forensic evaluator is of the opinion that the defendant is not competent to stand trial, no criminal responsibility or diminished capacity evaluation may be conducted absent further order of the court."

[4] Mr. Lawson further found that the petitioner was criminally responsible for his actions at the time of the offenses alleged in the indictment.

[5] By order entered on November 24, 2025, this Court directed the filing of supplemental briefs, noting that the petitioner filed post-trial motions, pursuant to Rules 29 and 33 of the West Virginia Rules of Criminal Procedure, that were not ruled upon by the circuit court. In his supplemental brief, the petitioner concedes that his motions were untimely filed and argues that the circuit court's jurisdiction is stayed while this Court considers this appeal. *See State v. Doom*, 237 W. Va. 754, 758, 791 S.E.2d 384, 388 (2016).

2

On appeal, the petitioner argues that no evaluator explored the possibility that his intellectual disability resulted from a TBI instead of a mental health issue. The petitioner concedes that he has never been diagnosed with a TBI. The State argues that the process set forth in West Virginia Code §§ 27-6A-1 to 27-6A-13 adequately evaluated the petitioner's competency to stand trial regardless of whether the cause was primarily a mental health issue or an intellectual disability resulting from a TBI. We agree with the State.

"It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent." Syl. Pt. 1, *Sanders*, 209 W. Va. at 370, 549 S.E.2d at 43 (internal quotations and citations omitted). "[T]he minimal threshold for competency requires that a defendant have both a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and a rational as well as a factual understanding of the proceedings against him." *Id.* at 377, 549 S.E.2d at 50 (internal quotations and citations omitted). At the competency hearing, Ms. Nelson and Mr. Lawson each testified that the petitioner was competent to stand trial following his competency restoration program at Sharpe Hospital. Ms. Nelson further explained that the competency evaluations adequately showed that the petitioner had sufficient cognitive ability to consult with his lawyer and understand the criminal proceeding against him because the evaluations were performed after any alleged TBI would have occurred during the petitioner's childhood. In finding the petitioner competent to stand trial, the circuit court specifically relied upon the evaluators' testimony. Therefore, we conclude that the circuit court did not abuse its discretion.

We decline to address the petitioner's more specific argument that due process entitles him to a fourth—and retroactive—competency evaluation due to the alleged TBI.[6] "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 1, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998) (quoting Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996)). In this case, the record shows that the petitioner's counsel expressly stated at the competency hearing that the petitioner was not seeking a fourth evaluation. While, in his reply, the petitioner cites to a single page of the trial transcript to claim that his counsel later requested an additional competency evaluation, based upon our review of that portion of the trial transcript, no request for a fourth evaluation was actually made.

For the foregoing reasons, we affirm.

Affirmed.

---

[6] In *Sanders*, this Court vacated and remanded for a retroactive evaluation of the defendant's competency to stand trial because the prior competency determination was partly contingent upon an immediate trial that did not occur and a subsequent psychiatric report, combined with the defendant's aberrant behavior at the delayed trial, constituted a change of circumstance, which cast doubt on the defendant's competency during the trial. *Id.* at 380-81, 549 S.E.2d at 53-54. In this case, the petitioner's alleged TBI was known to the evaluators at the time of their evaluations, and, therefore, would not constitute a change of circumstance.

3

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice James W. Flanigan

**DISQUALIFIED:**

Justice H. L. Kirkpatrick